# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and POND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class HUNTER D. KNIGHT**
**United States Army, Appellant**

ARMY 20220576

Headquarters, U.S. Army Military District of Washington
Adam S. Kazin, Military Judge
Lieutenant Colonel Peter G. Juetten, Acting Staff Judge Advocate

For Appellant: Captain Sarah H. Bailey, JA; Major Mitchell Herniak, JA.

For Appellee: Lieutenant Colonel Jacqueline DeGaine, JA.

30 November 2023

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

PENLAND, Senior Judge:

Appellant was convicted at a general court-martial, contrary to his pleas, by a panel of officers and enlisted soldiers, of one specification of domestic violence in violation of Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b [UCMJ]. The military judge sentenced appellant to 60 days of confinement and reduction to the grade of E4.

Appellant personally submitted two matters for our consideration under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The first warrants brief discussion and partial relief; the second warrants neither.

## DISCUSSION

This court reviews questions of factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the court of [criminal appeals] are themselves convinced of the accused's guilt beyond a reasonable doubt. *Id* at 403 (citing *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)). In reviewing factual sufficiency, we are limited to the facts introduced at trial. *United States v. Beatty*, 64 M.J. 456 (C.A.A.F. 2007) (citing *United States v. Duffy*, 3 U.S.C.M.A. 20, 23, 11 C.M.R. 20, 23 (1953)).[1]

The panel found appellant guilty of the following specification:

> In that [appellant], U.S. Army, did, at or near Fort Lee, Virginia, on or about 1 July 2020, commit a violent offense against [█], the spouse of the accused, to wit: unlawfully kicking [█] with his *feet* on her leg and body and grabbing and pinching her with his *hands* on her *abdomen and thighs*. (emphasis added).

Appellant insists the finding of guilty is not factually sufficient. To a very limited point, we agree, for the evidence sufficiently established a slightly more contained scenario of violent behavior. Testimonial and other evidence proved beyond a reasonable doubt that appellant used his *foot* to kick[2] his spouse and used his *hand* to pinch her *abdomen*.

---

[1] We recognize that Article 66(d)(1)(B) was amended by the National Defense Authorization Act for Fiscal Year 2021; but as the amendment applies only to courts-martial in which every finding of guilty in the Entry of Judgment is for an offense that occurred on or after 1 January 2021, the amended language is not applicable to appellant's case. *See* Pub. L. No. 116-283, § 542(b), 134 Stat. 3612.

[2] Appellant urges us to contrast the charged word, "kicking," with the repeated description of his "stomping" his spouse's leg. We decline for two reasons. First, his spouse also indicated he "kick[ed]" her. Second, under the circumstances of this case, the two words are synonymous.

## CONCLUSION

On consideration of the entire record, we affirm only so much of the finding of guilty to Specification 5 of Charge I as provides: [3] [4] [5]

> In that [appellant], U.S. Army, did, at or near Fort Lee, Virginia, on or about 1 July 2020, commit a violent offense against [■■], the spouse of the accused, to wit: unlawfully kicking [■■] with his foot on her leg and body and pinching her with his hand on her abdomen.

The sentence is AFFIRMED.

Judge HAYES and Judge POND concur.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court

---

[3] Based on this disposition, we perceive no need to reassess the sentence, for the nature and character of appellant's offense remain unchanged. Assuming arguendo that such reassessment is necessary, we would reassess and affirm the adjudged sentence under *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013).

[4] The FINDING/DISPOSITION block of The Statement of Trial Results, as incorporated into the judgment of the Court, for Specification 3 of Charge I and The Specification of Charge III, are amended to read "Military Judge entered finding of not guilty."

[5] Block 32 of The Statement of Trial Results, as incorporated into the Judgment of the Court, is amended to reflect a response of "no."